## ROBERTS *v.* CRAWFORD.

*Burden of proof—Preponderance of evidence—Distinction between them.*

A sale of a chattel by the mortgagor, with the consent of the mortgagee, will convey a good title to the purchaser, even though such consent be not in writing, or, if it be so, though it be not entered or indorsed upon the mortgage or the record of the same.

TROVER, by Moses Roberts against E. A. Crawford, for fifteen tons of hay.

The plaintiff's title was a mortgage from one Jared Gray, dated July 17, 1871. The defendant claimed title by virtue of a purchase from Gray, to which the plaintiff assented, though no written consent was indorsed on the mortgage and record. At the time of the purchase the hay was in Gray's barn, and it appeared that the defendant pressed and moved out into the yard some four or five tons of it before having any conference with the plaintiff. After the first day's work pressing the hay, and before any of it had been carried away from the premises, the plaintiff, the defendant, and Gray met, and the subject of the sale was talked over among them; but the evidence was very conflicting as to whether any agreement in relation thereto was then made. The court charged the jury, that if Roberts at that time assented to the sale, and agreed to receive the price, the defendant was to pay Gray for the hay in place of the hay itself, the sale would pass a good title to the defendant, and that this would be so as to the hay already pressed and moved, as well as to the other not pressed. To this instruction the plaintiff excepted.

The court charged the jury, that the burden of proof was on the plaintiff to make out his title, and that this was also true in regard to the evidence of his assenting to the sale; and the plaintiff excepted.

Verdict for the defendant. Questions reserved.

*E. Fletcher*, for the plaintiff.

*Twitchell*, for the defendant.

SARGENT, C. J.   When the plaintiff, at the close of the first day's work pressing hay, had an interview with Gray the mortgagor of the hay, and the defendant who had bargained for it, and, as the jury have found, assented to the sale by the mortgagor to the defendant, and agreed to receive the price which the defendant was to pay Gray for it, that would be a waiver of any wrongful act which the defendant might have performed in pressing the hay.   He assented to the sale which Gray had made of the hay, and this consent would relate back and be a ratification of Gray's acts from the beginning.   It is not very material, probably, whether the agreement was that the plaintiff should have the pay for the hay or not, or, if that was the agreement, whether he ever received such pay.   If upon any consideration, past, present, or prospective, whether executed or executory, the plaintiff consented that Gray should sell his hay to the defendant, that was enough, even though such consent were not in writing, or though it were not endorsed upon the back or margin of the mortgage, or of the record.   A mere verbal consent to the sale is sufficient.

In *Patrick* v. *Meserve*, 18 N. H. 300, it is held that a sale of a chattel by a mortgagee, with the consent of the mortgagor, vests a good title in the purchaser; and in *Gage* v. *Whittier*, 17 N. H. 312, it is expressly held, that in an action of trover by a mortgagee for the mortgaged chattel, the defendant may show that it was sold by the mortgagor, and that the plaintiff, the mortgagee, assented by parol to the sale.   Such assent, it was held, was sufficient with the sale to pass the title to the purchaser, he being in possession.   That seems to cover the whole ground of this case, and fully justifies the instructions that were given in this case on that point.   This exception is overruled.

Upon the other question, the difficulty arises from confounding the burden of proof with the preponderance of the evidence.   The question of the burden of proof is discussed in *Judge of Probate* v. *Stone*, 44 N. H. 593.   In that case it was held that, though the burden of proof might change many times in the course of the trial, the party asserting an affirmative having the burden of proof on him so far as that issue is concerned, yet that the party who had the first or primary burden of proof upon him was entitled to open and close.   The burden of proof, as spoken of in that case, had no connection with the preponderance of the evidence upon a given issue.   The party which must go ahead and make out a *prima facie* case upon a given issue, has the burden of proof upon that issue.   But the party who has the burden of proof may not have the preponderance of the evidence on his side even on the same issue.   The question as to the burden of proof arises, if at all, at the beginning of the trial of an issue; but the question of the preponderance of the evidence does not arise usually till the close of the trial of the issue, and generally not until the close of the evidence upon all the issues of the case.

In confirmation of these views, as to the general meaning of the term burden of proof, see 1 Gr. Ev., ch. 3, sec. 74, and *seq.*, and authorities cited ; also, *Judge of Probate* v. *Stone, supra,* and authorities. The strict meaning of the term *onus probandi* is this, that if no evidence be given by the party on whom the burden of proof is cast, the issue must be found against him. *Kendall* v. *Brownson,* 47 N. H. 197, Doe's dissenting opinion, and cases cited. " That party has the burden of proof on an issue who will fail if there is no evidence on that issue." *Id.* 197.

In the case before us, it is evident that no question arose concerning the burden of proof, but the only question was as to the preponderance of the evidence. The evidence of the plaintiff's assent to the sale went in with the other evidence, without any question or thought as to the burden of proof; but after the evidence is all in on all the issues, and when the judge charges the jury, the question arises as to the preponderance of the evidence, and the charge is or was intended to be, that the preponderance of the evidence must be with the plaintiff on both issues,—that is, that the plaintiff was more probably right upon all the evidence, upon both issues, in order to recover. No question was made about the plaintiff's having a valid mortgage and the right to the possession of the hay, which was sufficient for him in the first instance. The defendant alleged that the plaintiff had relinquished his right of property and of possession by consenting to the sale of the hay to him by Gray, the mortgagor, and on this point the evidence was conflicting— no question about the burden of proof, but only about the preponderance of the evidence after it was all put in. If the plaintiff had assented to the sale of the hay, he could not recover; if he had not thus assented, he could recover. Which was most probable upon all the evidence? If the probabilities were against the plaintiff, he could not recover; if they were just even, in exact *equilibrio,* then the plaintiff cannot recover,. because he, being the plaintiff, is always bound to tip the scale in his favor before he can recover. The probabilities must therefore be in favor of the plaintiff on this question of consent, as well as on the question of the plaintiff's original right to the hay; and that is what was intended by the ruling in this case,—that the evidence must preponderate on the side of the plaintiff, so as to make it more probable that he did not assent to the sale than that he did, in order to recover. It would not seem that there could be any doubt upon that point. The verdict was for the defendant, and there must be

*Judgment on the verdict.*